**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| MONICA R. BOGART, § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | Civil Action No: 7:07-CV-175-O | |
| § | ECF | |
| JOHN E. POTTER, § | | |
| *Postmaster General,* § | | |
| *Defendant* § | | |

## ORDER ON MOTION

On this day, pursuant to the District Court's Order Referring Motion (Doc. No. 85), came on to be considered Defendant's Motion to Alter or Amend Judgment (Doc. No. 77) for the purpose of assessing costs. Though not stated directly but implied in the said motion, Defendant as the prevailing party seeks an award of costs in the judgment. No bill of costs has been prepared, filed or sought within 14 days after the clerk entered the judgment on the docket. Local Rule 54.1. No motion under Rule 54 (d)(2)(B) regarding the allowance of attorneys fees was filed within the 14 days following the entry of the Judgment. Plaintiff's Response was filed July 22, 2010 in which she calls the court's attention to her IFP status and asserts that the Defendant's counsel threatened her following the court ordered mediation that she take the negotiated settlement offer or Defendant would seek assessment of costs against her.

This case was brought by Monica Bogart as a Title VII case asserting disability discrimination and/or retaliation by her former employer, the U.S. Postal Service. Plaintiff was granted leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915(a)(1). (Doc. No. 5). Defendant's Motion and Plaintiff's Response therefore raise the issue of whether and under what

1

circumstances, the defendant, as a prevailing party, in a Title VII case is entitled to or should receive an award of costs and what elements are to be included in such award of costs.

The analysis starts with the statutory provisions applicable to the assessment of costs at the conclusion of a case. Rule 54(d) of the Federal Rules of Civil Procedure applicable to civil proceedings generally provides that "costs shall be allowed as a matter of course to the prevailing party." FED. R. CIV. P. 54(d); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549F.3d 985, 996 (5th Cir. 2008). Title 28 §1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); see also *Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920 which provides:

"A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation, of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

Title 28 U.S.C. §1915 which is applicable to other civil litigants as well as to prisoners, provides as to costs as follows:

"(a)(1)...[A]ny court of the United States *may* authorize the commencement, prosecution, or defense of any suit...civil or criminal...without prepayment of fees or security therefor...

(f)(1) Judgment *may* be rendered for costs at the conclusion of the suit or action as in other proceedings..." (Emphasis provided.)

An award of costs under either of these two provisions is not mandatory but is discretionary with the court. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) where the 5th Circuit stated " A district court has broad discretion in taxing costs, and we will reverse only upon a clear showing of abuse of discretion." The award being discretionary dictates that the Court determine the standard against which to measure the propriety of an award of costs.

In the context of civil rights cases brought under 42 U.S.C. §1983 or Title VII cases, the court decisions on the issue of awarding attorney fees to the defendant as the prevailing party are instructional. The 5th Circuit recently addressed this issue in *Stover v. Hattiesburg Pub. Sch. Dist.* 549 F. 3d 985, 997 (5th Cir. 2008) wherein the court stated:

> This court reviews a district court's award of attorney's fees for abuse of discretion. Boehms v. Crowell, 139 F.3d 452, 462 (5th Cir. 1998). As a general rule, litigants must pay their own attorney's fees. Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). Congress has provided exceptions to this rule, allowing the prevailing party to recover attorney's fees under certain circumstances. See, e.g., 42 U.S.C. §2000a-3(b) ("In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs, and the United States shall be liable for costs the same as a private person.") Not withstanding the "prevailing party" language, the exceptions generally serve to protect plaintiffs. Fee-shifting statutes usually create "a presumption in favor of awarding fees to a prevailing plaintiff but allows fees to be awarded to a prevailing defendant only if the suit was frivolous." Sullivan v. William A. Randolph Inc., 504 F3d 665, 670 (5th Cir. 2007).

In Christiansburg Garment Company v. EEOC, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978), Supreme Court discussed the differentiating considerations applicable to an award of attorney's fees to prevailing plaintiff and an award of attorney's fees to a prevailing defendant, even where a statute on its face may provide for an award of attorney's fees to either the plaintiff or defendant as the prevailing party.

> First, ...the plaintiff is the chosen instrument of Congress to vindicate "a policy that Congress considered fo the highest priority." Second when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. As the Court of Appeals clearly perceived , "these policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." A successful defendant seeking counsel fees...must rely on quite different equitable considerations.

Christiansburg Garment Co. v. EEOC, 434 U.S. at 418-19. The Supreme Court ultimately concluded that "a district court may, in its discretion, award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. At 421. The Court cautioned, however that the district court should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or with foundation." Id. At 421-22. This Court has explained that under Christiansburg, to determine whether a suit is frivolous, a court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir. 1981).

I conclude that similar considerations apply to the award or assessment of costs in this Title VII case brought by the Plaintiff *in forma pauperis*. The rationale for restricting the award of attorney's fees to the prevailing defendant in Title VII or §1983 cases is equally applicable here. That rationale was stated by the Supreme Court in the *Christiansburg* passage quoted above. Although the Defendant is the prevailing party by virtue of a grant of his Motion for Summary Judgment, I cannot find that Plaintiff's claims were "frivolous, vexatious, or without reason or foundation." Indeed, two experienced judicial officers of the United States, the Magistrate Judge and the District Judge, arrived at different conclusions on the legal sufficiency of Plaintiff's claims upon review of the materials then before them.

Finally, as noted above, no bill of costs has been filed or tendered as mandated by Local Rule

4

54.1. This fact alone justifies the denial of costs to the defendant. But even that aside, this Court has nothing before it showing any witness fees, printing costs, transcript costs, docket fees, expert fees within the scope of the enumerated catagories of permitted costs under §1920 were incurred by the Defendant. There being no bill of costs submitted or sought by the Defendant, a review of §1920 reflects that only two of the items of cost that could be assessed or charged against the Plaintiff were the $350.00 filing fee and the $15.00 cost of service of the summonses to the defendant by certified mail. Plaintiff's IFP status allowed her to commence the case without prepayment of the filing fee or the payment of service fees. These are fees payable to the Clerk of the Court, not a reimbursement to the Defendant to make him whole since Defendant advanced neither. Assessment of such fees at this time appears to be more sought for retribution than for justice.

Plaintiff's appeal has now been docketed at the Court of Appeals. Docket No. 89. I recommend that the District Court deny Defendant's Motion to Alter or Amend the Judgment. Alternatively, I recommend that the District Court amend the Judgment so as to provide that each party shall bear its own costs.

It is so ORDERED, the 27th day of July, 2010.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

        A copy of this order containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).