IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| MONICA BOGART | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CASE NO. 7:07-CV-175-O |
|  | § |  |
| JOHN E. POTTER, | § |  |
| Postmaster General of the United States, | § |  |
|  | § |  |
| Defendant. | § |  |

## ORDER DENYING COSTS

The Court has reviewed all relevant matters of record in this case, including the Findings and Recommendation (ECF No. 90) of the United States Magistrate Judge and Defendant's objection (ECF No. 91), in accordance with 28 U.S.C. § 636(b). The Magistrate Judge recommends denial of Defendant's Motion to Alter or Amend Judgment to include an award of costs. ECF No. 77.

The matter of whether to award costs under Federal Rule of Civil Procedure 54(d) is within the discretion of the district court. *Cheatam v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006); *Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). There is a strong presumption that the prevailing party in a lawsuit is to be awarded costs. *Cheatam*, 465 F.3d at 586. Thus, when the district court denies costs it should state a reason for the denial. *Id*. It is assumed that a district court will exercise its discretion to deny costs to a prevailing party only when there would be an element of injustice in a cost award. *Delta Air Lines*, 450 U.S. at 355 n.14. The Fifth Circuit has held the fact that the losing party prosecuted the action in good faith is, by itself, an insufficient reason to deny costs to the prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006). In other circuits, a wide range of reasons have been invoked to deny costs, although the Fifth Circuit has expressly declined to decide whether any of those reasons are sufficient. *Id*. at 794 and n.18. The

reasons include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* at 794.

In this case, it is clear that Plaintiff possesses very limited financial resources and is currently unemployed. *See* ECF Nos. 80, 84. She has been granted leave to proceed with her appeal *in forma pauperis*. ECF. Nos. 84, 88. In the event Defendant were to attempt to actually collect the monetary value of any costs awarded, it is likely that injustice would result by further straining Plaintiff's limited financial resources, with the possibility that the award would have to come from Plaintiff's already meager Social Security disability and Postal Service medical retirement income. *See* ECF No. 80. Moreover, the U.S. Postal Service is the prevailing party in this case, a federal entity with enormous financial resources, at least relative to the amount of any costs that would otherwise be awarded against Plaintiff. Lastly, there is no indication that Plaintiff has not acted in good faith in filing and proceeding her lawsuit.

Accordingly, the Court finds that Defendant's Motion to Alter or Amend Judgment should be and is hereby **DENIED**. Furthermore, the Court orders that each party shall bear their own costs.

**SO ORDERED** on this **13th** day of **August, 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**